STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas M. POCIAN, Defendant-Appellant.

Court of Appeals

*No. 2011AP1035–CR. Submitted on briefs February 15, 2012.
—Decided April 11, 2012.*

2012 WI App 58

(Also reported in 814 N.W.2d 894.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Geoffrey R. Misfeldt* of *Kohler & Hart, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jeffrey J. Kassel*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J.[1] In *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008), the United States Supreme Court held that the Second Amendment protects an individual right to keep and bear arms. Two years later, in *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3026 (2010) (plurality opinion), this right was incorporated and extended to the States.

¶ 2. In 1986, Thomas M. Pocian was convicted of writing forged checks, a felony. Twenty-four years later, Pocian was prosecuted under WIS. STAT. § 941.29, which prohibits a felon from possessing a firearm. Relying on *Heller* and *McDonald*, Pocian argues: (1) Wisconsin's ban on felons possessing firearms is unconstitutional and (2) even if the ban on felons possessing firearms is

---

[1] This court granted leave to appeal the circuit court's nonfinal order. *See* WIS. STAT. RULE 809.50(3) (2009–10). All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

not facially unconstitutional, the statute cannot be applied to him because he is a nonviolent felon. We hold that the ban on felons possessing firearms is constitutional and that the ban extends to all felons.

## BACKGROUND

¶ 3. In September 1985, Pocian and a friend wrote and cashed nearly $1500 worth of stolen checks. Pocian was convicted of three counts of uttering a forged writing in violation of WIS. STAT. § 943.38(2), sentenced to three years of probation, and ordered to pay restitution to the victim. Uttering a forged writing is a felony in Wisconsin. Although Pocian completed his probation, he remains a felon due to his convictions.

¶ 4. On November 29, 2008, Pocian shot two deer and registered them with the DNR. Pocian had used a gun owned by his father. He was subsequently charged with being a felon in possession of a firearm in violation of WIS. STAT. § 941.29.

¶ 5. Pocian filed a motion to dismiss on the grounds that WIS. STAT. § 941.29 is both unconstitutionally overbroad on its face and unconstitutional as applied to him. The circuit court denied Pocian's motion. Pocian filed an interlocutory appeal of the circuit court's nonfinal order, which we granted.

## STANDARD OF REVIEW

¶ 6. Pocian raises both a facial and an as-applied constitutional challenge to WIS. STAT. § 941.29. A facial challenge to a statute alleges that the statute is unconstitutional on its face and thus is unconstitutional under all circumstances. *State v. Smith*, 2010 WI 16,

¶ 10 n.9, 323 Wis. 2d 377, 780 N.W.2d 90. An as-applied challenge, conversely, is a claim that a statute is unconstitutional as it relates to the facts of a particular case or to a particular party. *Id.* A challenge to the constitutionality of a statute is a question of law that we review de novo. *See id.,* ¶ 8. As we presume statutes are constitutional, a party attempting to argue a statute is unconstitutional carries a heavy burden. *Id.* In a facial challenge, the "challenger must establish, beyond a reasonable doubt, that there are no possible applications or interpretations of the statute which would be constitutional." *State v. Wanta,* 224 Wis. 2d 679, 690, 592 N.W.2d 645 (Ct. App. 1999). In an as-applied challenge, the challenger must prove that the statute as-applied to him or her is unconstitutional beyond a reasonable doubt. *Smith,* 323 Wis. 2d 377, ¶ 9.

## DISCUSSION

### Applicable Constitutional Provisions

¶ 7. The Second Amendment of the U.S. Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." Article I, § 25 of the Wisconsin Constitution, entitled **"Right to keep and bear arms,"** states that "[t]he people have the right to keep and bear arms for security, defense, hunting, recreation or any other lawful purpose." Where the language of a "provision in the state constitution is 'virtually identical' to that of the federal provision or where no difference in intent is discernible, Wisconsin courts have normally construed the state constitution consistent with the United States Supreme Court's construction of the federal constitution." *State v. Agnello,* 226 Wis. 2d 164, 180, 593 N.W.2d 427 (1999)

(citation omitted). As both the Second Amendment and Article I, § 25 create an individual right to keep and bear arms, we rely on *Heller* and *McDonald* in determining the constitutionality of WIS. STAT. § 941.29.

*Is WIS. STAT. § 941.29 Unconstitutionally Overbroad?*

¶ 8. This court has previously upheld the constitutionality of WIS. STAT. § 941.29 against an overbreadth challenge. In *State v. Thomas*, 2004 WI App 115, ¶¶ 20, 23, 274 Wis. 2d 513, 683 N.W.2d 497, we held that while Article I, § 25 created a fundamental right to keep and bear arms, the right is subject to reasonable restrictions, such as keeping guns out of the hands of felons to further public safety. Pocian argues that this holding should be revisited in light of the United States Supreme Court's decisions *Heller* and *McDonald*.

¶ 9. In *Heller*, the Court struck down Washington, D.C.'s ban on handguns and the requirement that all long guns must be disassembled and unloaded unless located in a place of business or used for lawful recreational activities. *Heller*, 554 U.S. at 574–75, 635. The Court held that "the Second Amendment confer[s] an individual right to keep and bear arms." *Id.* at 595. The Court noted, however, that "the right secured by the Second Amendment is not unlimited," and that nothing in the decision "should be taken to cast doubt on longstanding prohibitions on the *possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626–27 (emphasis added). These regulatory measures are "presumptively lawful." *Id.* at 627 n.26.

¶ 10.   As Washington, D.C. is a federal enclave, the Second Amendment's individual right to keep and bear arms was not incorporated to the States until two years later in *McDonald*, when a plurality of the Court struck down the City of Chicago's ban on handguns and reiterated *Heller*'s holding that the right to keep and bear arms is a fundamental constitutional right.[2] *McDonald*, 130 S. Ct. at 3026, 3042 (2010) (plurality opinion). *McDonald* also reemphasized that the right to keep and bear arms is not unfettered, and that "incorporation [of the Second Amendment] does not imperil every law regulating firearms." *Id.* at 3047.

¶ 11.   In upholding WIS. STAT. § 941.29 in the face of an overbreadth challenge in *Thomas*, we held that the restriction placed upon felons prohibiting them from possessing firearms is a reasonable exercise of the State's inherent police power. *See Thomas*, 274 Wis. 2d

---

[2] Five Justices—Roberts, Scalia, Kennedy, Thomas and Alito—voted for the judgment of the Court that the Chicago handgun ban was unconstitutional and that the Second Amendment applied to the States. Four voted to incorporate the Second Amendment via the Due Process Clause of the Fourteenth Amendment. *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3030–31 (2010) (plurality opinion). Justice Thomas, however, wrote separately to express his view that the Second Amendment should be incorporated through the Privileges or Immunities Clause of the Fourteenth Amendment. *Id.* at 3059 (Thomas, J., concurring). As Justice Thomas was part of the majority in *Heller*, and as he signed onto the judgment in *McDonald*, we rely on *McDonald*'s plurality opinion, including the Court's statement:  "We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons' . . . . We repeat those assurances here." *Id.* at 3047 (plurality opinion) (citation omitted).

513, ¶¶ 21, 23. We also noted that several state courts "have found a rational relationship between statutes forbidding the possession of firearms by convicted felons and the legitimate state purpose of protecting the public from misuse of firearms." *Id.*, ¶ 23 n.5. A footnote in *Heller*, however, indicates that rational basis is no longer an appropriate test in Second Amendment cases. *See Heller*, 554 U.S. at 628 n.27 ("If all that was required to overcome the right to keep and bear arms was a rational basis, the Second Amendment would . . . have no effect."). In a case decided after *Heller* and *McDonald*, the Seventh Circuit Court of Appeals utilized an "intermediate scrutiny" analysis and applied it to a constitutional challenge to a federal law prohibiting an individual convicted of misdemeanor domestic violence from carrying a firearm in or affecting interstate commerce. *See United States v. Skoien*, 614 F.3d 638, 639, 641–42 (7th Cir. 2010) (en banc). Under this test, a law "is valid only if substantially related to an important governmental objective." *Id.* at 641. We also utilize this test and apply it to Pocian's facial challenge.

¶ 12.   By keeping guns out of the hands of felons, we hold that Wis. Stat. § 941.29 is substantially related to the important governmental objective of enhancing public safety. As we stated in *Thomas*, "the legislature determined as a matter of public safety that it was desirable to keep weapons out of the hands of individuals who had committed felonies." *Thomas*, 274 Wis. 2d 513, ¶ 23. While *Heller* mandates that § 941.29 is subject to a higher level of scrutiny than the rational basis test we used in *Thomas*, the law still survives intermediate scrutiny. No state law banning felons from possessing guns has ever been struck down. *See United States v. Yancey*, 621 F.3d 681, 685 (7th Cir. 2010) (per curiam) (citing Adam Winkler, *Scrutinizing the Second*

387

*Amendment,* 105 MICH. L. REV. 683, 721 (2007)). Additionally, no federal ban on felons possessing guns has been struck down in the wake of *Heller.* The Seventh Circuit recently held that it is constitutional to categorically ban felons from possessing guns. *United States v. Williams,* 616 F.3d 685, 692 (7th Cir. 2010). We agree. If Pocian wants to change the law, the proper route is through the legislature.

*Is* WIS. STAT. *§ 941.29*
*Unconstitutional As-Applied to Pocian?*

■

¶ 13. Pocian argues that, even if WIS. STAT. § 941.29 is constitutional when applied to other felons, it is unconstitutional when applied to him, as his felony conviction was for a nonviolent offense and thus there is no public safety rationale for depriving him of his right to keep and bear arms. We disagree and hold that the State may constitutionally deprive Pocian of the right to keep and bear arms.

¶ 14. In *Thomas,* the defendant argued that WIS. STAT. § 941.29 violates equal protection because it does not distinguish between violent and nonviolent felons and thus is "irrational." *Thomas,* 274 Wis. 2d 513, ¶ 30. We rejected this argument, holding that there is "a rational relationship between statutes forbidding possession of firearms by any and all convicted felons and the legitimate state purpose of protecting the public from the misuse of firearms." *Id.,* ¶ 31. As we stated earlier, the rational basis test used in *Thomas* is no longer permissible. In *Williams,* another Seventh Circuit decision decided after *Heller* and *McDonald,* a drug dealer raised an as-applied challenge to the federal felon-in-possession statute. *Williams,* 616 F.3d at 689,

691. The Seventh Circuit stated that for purposes of Williams's as-applied challenge, "[W]e can examine his claim using the intermediate scrutiny framework without determining that it would be the precise test applicable to all challenges to gun restrictions." *Id.* at 692. We again utilize this test and apply it to Pocian's as-applied challenge. To restate, under intermediate scrutiny the government must show that a law is substantially related to an important governmental interest. *Id.*

¶ 15.  The governmental objective of public safety is an important one, and we hold that the legislature's decision to deprive Pocian of his right to possess a firearm is substantially related to this goal. While Pocian did not utilize physical violence in the commission of his three felonies, he did physically take his victim's property. Additionally, "most scholars of the Second Amendment agree that the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens.' " *Yancey*, 621 F.3d at 684–85. The legislature has determined that Pocian's crimes are felonies. As such, Pocian has legislatively lost his right to possess a firearm.

## CONCLUSION

¶ 16.  The circuit court's order denying Pocian's motion to dismiss is affirmed.

*By the Court.*—Order affirmed.