PER CURIAM.
¶1 Leevan Roundtree, by counsel, appeals a judgment convicting him of possession of a firearm by a felon. He also appeals an order denying his postconviction motion.[1] On appeal, Roundtree argues that the felon-in-possession statute is unconstitutional as applied to him. For the reasons discussed below, we reject this argument, and affirm.
BACKGROUND
¶2 Roundtree was prohibited from possessing a firearm due to his 2003 felony conviction of two counts of failure to pay child support. Roundtree was charged under the felon-in-possession statute, WIS. STAT. § 941.29(2) (2013-14),[2] after police found a revolver and bullets in his home pursuant to a search warrant. He pled guilty to one count of felon in possession of a firearm and was sentenced to 18 months of initial confinement and 18 months of extended supervision.
¶3 Roundtree filed a postconviction motion, arguing that the felon-in-possession statute is unconstitutional as applied to him, since his felony conviction was for a nonviolent crime, failure to pay child support. The circuit court denied the motion on the basis that Roundtree waived the right to pursue a constitutional challenge when he entered his guilty plea. Roundtree now appeals.
STANDARD OF REVIEW
¶4 The constitutionality of a statute is a question of law subject to de novo review on appeal. State v. Wood , 2010 WI 17, ¶15, 323 Wis. 2d 321, 780 N.W.2d 63. A party challenging the constitutionality of a statute, whether facially or as applied, must overcome a presumption of constitutionality and must prove that the statute is unconstitutional beyond a reasonable doubt. Id.
DISCUSSION
¶5 Roundtree makes two arguments on appeal. First, he argues that Wisconsin's lifetime firearm ban for all felons, as codified in WIS. STAT. § 941.29(2), is unconstitutional as applied to him, a person convicted of failure to pay child support. Second, Roundtree argues that the guilty plea waiver rule does not bar him from pursuing his as-applied constitutional challenge. We need not decide the second issue because, regardless of whether Roundtree forfeited the constitutional argument by entering a guilty plea, we conclude that the argument fails on its merits.
¶6 When a statute is unconstitutional on its face, it is "void 'from its beginning to the end.' " Wood , 323 Wis. 2d 321, ¶13 (quoted source omitted). A party raising a facial challenge to a statute must show that the law "cannot be enforced 'under any circumstances.' " Id. (quoted source omitted). In an as-applied challenge, the court "assess[es] the merits of the challenge by considering the facts of the particular case." Id. If a party makes a showing that his constitutional rights were actually violated, "the operation of the law is void as to the party asserting the claim." Id.
¶7 Roundtree argues that Wisconsin's lifetime firearm ban for felons is unconstitutional as applied to him because he was convicted of failure to pay child support, a nonviolent felony. As we explain, Roundtree's notion that his particular nonviolent felony matters is incorrect. Rather, it is settled law that the firearm ban applies regardless of the defendant's particular felony.
¶8 In State v. Pocian , 2012 WI App 58, 341 Wis. 2d 380, 814 N.W.2d 894, the defendant's prior felony conviction was for writing forged checks. Id. , ¶2. The defendant argued that WIS. STAT. § 941.29 was unconstitutional both on its face and as applied to him. Pocian , 341 Wis. 2d 380, ¶¶2, 13. In arguing that the statute was unconstitutional as applied, the defendant emphasized that his prior felony conviction was for a nonviolent offense and, thus, there was no public safety rationale for depriving him of his right to keep and bear arms under the Second Amendment to the United States Constitution. Id. , ¶13. This court rejected the defendant's argument and held unequivocally "that the ban on felons possessing firearms is constitutional and that the ban extends to all felons." Id. , ¶2.
¶9 This court rejected a similar as-applied constitutional challenge to the felon-in-possession statute in State v. Culver , 2018 WI App 55, 384 Wis. 2d 222, 918 N.W.2d 103, review denied , 2019 WI 8, 385 Wis. 2d 206, 923 N.W.2d 165. In that case, the defendant argued that the felon-in-possession statute was unconstitutional as applied because it does not distinguish violent felonies from nonviolent felonies, such as the defendant's OWI. Id. , ¶41. The court concluded that, despite the distinctions the defendant made between his own crime of OWI and the forgery crime in Pocian , Pocian was controlling. Culver , 384 Wis. 2d 222, ¶46. The Culver court stated:
We plainly concluded that the ban on both violent and nonviolent felons is constitutional, Pocian , 341 Wis. 2d 380, ¶12, and we plainly must follow that holding: "[T]he court of appeals may not overrule, modify or withdraw language from a previously published decision of the court of appeals." Cook v. Cook , 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997).
Id.
¶10 Like the defendant in Culver , Roundtree attempts to distinguish the factual circumstances of his underlying felony and his felon-in-possession conviction from those in Pocian . Roundtree also argues that this court should not consider Pocian controlling because to do so would disregard "the very nature of as-applied challenges." He asserts that, because this case involves an as-applied challenge to the constitutionality of the felon-in-possession statute as to a particular person under particular circumstances, Pocian's holding neither precludes his argument nor resolves the issue raised. We disagree.
¶11 Roundtree's argument fails for the same reason the Culver defendant's argument failed. Like Roundtree, the defendant in Culver argued that it matters what particular nonviolent felony is the subject of the underlying conviction. We rejected that proposition, stating that "we plainly must follow" Pocian . See Culver , 384 Wis. 2d 222, ¶46. Here too, we are bound by Pocian , and, for that matter, Culver .
¶12 In sum, it is undisputed that Roundtree is a felon. The ban on felons possessing firearms is therefore constitutional as to him.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2017-18).

The Honorable William S. Pocan presided over the plea hearing and entered the judgment of conviction. The Honorable David A. Hansher entered the order denying Roundtree's postconviction motion.

All references to the Wisconsin Statutes are to the 2013-14 version unless otherwise noted. Pursuant to 2015 Wis. Act 109, § 8, Wis. Stat. § 941.29(2) was repealed. The substance of the repealed subsection is now found in § 941.29(1m)(a) (2017-18).