# COURT OF APPEALS
## DECISION
## DATED AND FILED

## May 13, 2020

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.    2019AP1324**
                **2019AP1325**

Cir. Ct. Nos.  2018TP42
              2018TP43

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT III**

NO. 2019AP1324

IN RE THE TERMINATION OF PARENTAL RIGHTS TO R. B.,
A PERSON UNDER THE AGE OF 18:

BROWN COUNTY DEPARTMENT OF HUMAN SERVICES,

    PETITIONER-RESPONDENT,

  V.

H. P.,

    RESPONDENT-APPELLANT.

_____

NO. 2019AP1325

IN RE THE TERMINATION OF PARENTAL RIGHTS TO J. B.,
A PERSON UNDER THE AGE OF 18:

BROWN COUNTY DEPARTMENT OF HUMAN SERVICES,

    PETITIONER-RESPONDENT,

  V.

H. P.,

    RESPONDENT-APPELLANT.

---

APPEALS from orders of the circuit court for Brown County: TIMOTHY A. HINKFUSS, Judge. *Affirmed.*

¶1    HRUZ, J.[1]  In these consolidated appeals, Haley[2] appeals nonfinal orders of the circuit court in two termination of parental rights (TPR) cases pertaining to her children, Rachel and Jack.[3] Those orders denied Haley's motion asking the circuit court to determine that the Brown County Department of Human Services (the Department) must prove the elements of the continuing CHIPS

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] For ease of reading, we refer to H.P. and her children, R.B. and J.B., using pseudonyms, rather than their initials.

[3] By order dated August 30, 2019, this court granted Haley's petitions for leave to appeal the non-final orders. *See* WIS. STAT. § 808.03(2). Subsequently, on September 17, 2019, we ordered Haley's appeals to be consolidated for briefing and disposition. *See* WIS. STAT. RULE 809.10(3).

ground[4] for a TPR as previously set forth in WIS. STAT. § 48.415(2)(a) (2015-16), as opposed to the elements now set forth by § 48.415(2)(a) (2017-18).[5]

¶2     Haley contends the Department cannot use the amended version of WIS. STAT. § 48.415(2)(a) as a basis to terminate her parental rights because its elements changed during the pendency of her CHIPS cases, such that applying the current statutory elements would violate her constitutional rights to procedural due process.  For the reasons set forth herein, we disagree.  Haley's TPR proceedings must employ the amended, and current, version of § 48.415(2)(a), and such an application of the statute to her circumstances does not violate her due process rights.  We therefore affirm the orders of the circuit court.

## BACKGROUND

¶3     The following facts are undisputed on appeal.  In June 2016, Rachel and Jack were each found to be a child in need of protection or services, but they remained in their parents' care.  The Department took temporary physical custody of Rachel and Jack in February 2017, and on March 13, 2017, the children were formally placed outside of Haley's home by court order.  On that same date, Haley received notice, as required by WIS. STAT. § 48.356, that the Department might

---

[4] We follow the lead of the parties and prior case law by referring to the particular TPR ground at issue as the "continuing CHIPS" ground for TPR.  *See, e.g.*, **St. Croix Cty. DHHS v. Michael D.**, 2016 WI 35, ¶1, 368 Wis. 2d 170, 880 N.W.2d 107.  "CHIPS" is a commonly used acronym for "child in need of protection or services."  *See id.*, ¶6.

[5] For ease of reading and consistency with prior case law, we refer to WIS. STAT. § 48.415(2)(a) (2015-16) as the "prior version" and to § 48.415(2)(a) (2017-18) as the "amended version."  *See* **Dane Cty. DHS v. J.R.**, 2020 WI App 5, ¶2 n.3, 390 Wis. 2d 326, 938 N.W.2d 614 (2019).

seek to terminate her parental rights based upon continuing CHIPS, under the prior version of WIS. STAT. § 48.415(2)(a).[6]

¶4      The CHIPS orders placing Rachel and Jack outside of Haley's home were revised in June 2017 and then again in July 2018. Haley had been again warned that her parental rights were in jeopardy in June 2017 on the basis of continuing CHIPS. Effective on April 6, 2018, and before the second revision of the CHIPS orders, the legislature changed one of the continuing CHIPS ground's elements by amending WIS. STAT. § 48.415(2)(a)3. (2015-16). *See* 2017 Wis. Act 256, § 1. This change is explained further below.

¶5      When the CHIPS orders were revised a second time in July 2018, Haley again received notice that her parental rights could be terminated on the basis of continuing CHIPS. This time, the notice referenced the amended version of WIS. STAT. § 48.415(2)(a) and included the elements as set forth in that version.

¶6      On November 8, 2018, the Department filed petitions to terminate Haley's parental rights to Rachel and Jack.[7] In each petition, the Department alleged continuing CHIPS as the ground for termination pursuant to the amended version of WIS. STAT. § 48.415(2)(a).

---

[6] Both the prior and amended versions of the statute provide that the petitioner must prove that: (1) the child has been adjudged to be in need of protection or services and placed outside the home for six months or more pursuant to one or more court orders containing the statutorily required notice of potential TPR grounds; (2) reasonable efforts were made to provide the services to the parent or child ordered by the court; and (3) the parent failed to meet the conditions established by the court in the CHIPS order for the safe return of the child to the home. *See* WIS. STAT. § 48.415(2)(a)1.-3. (2015-16) and § 48.415(2)(a)1.-3. (2017-18).

[7] The Department also petitioned to terminate the parental rights of Rachel and Jack's father. His parental rights are not at issue in this appeal.

¶7 In May 2019, prior to trial at the grounds phase, Haley moved to have her TPR cases proceed under the prior version of WIS. STAT. § 48.415(2)(a). The Department opposed the motion. Following a hearing on the matter, the circuit court determined that the cases would proceed under the amended, and current, version of § 48.415(2)(a). Haley now appeals.

## DISCUSSION

¶8 When our legislature amended WIS. STAT. § 48.415(2)(a)3. in April 2018, it changed the elements that the petitioner must prove at the grounds phase of a TPR proceeding based on a continuing CHIPS. The prior version of subdivision 3. required the petitioner to show that there is a "substantial likelihood" that the parent will not meet "the conditions established for the safe return of the child to the home" within "the 9-month period following the fact-finding hearing." We have previously referred to this requirement as the "9-month failure to meet requirement." *See Dane Cty. DHS v. J.R.*, 2020 WI App 5, ¶13, 390 Wis. 2d 326, 938 N.W.2d 614 (2019).

¶9 Our legislature eliminated the 9-month failure to meet requirement when it amended WIS. STAT. § 48.415(2)(a)3. *See* 2017 Wis. Act 256, § 1. Subdivision 3. now provides:

> [I]f the child has been placed outside the home for less than 15 of the most recent 22 months, [the petitioner must show] that there is a substantial likelihood that the parent will not meet the[] conditions [established for the safe return of the child to the parent's home] as of the date on which the child will have been placed outside the home for 15 of the most recent 22 months, not including any period during which the child was a runaway from the out-of-home placement or was residing in a trial reunification home.

Sec. 48.415(2)(a)3.

5

¶10 The sole issue Haley raises on appeal is an "as-applied" constitutional challenge to the use of the amended version of WIS. STAT. § 48.415(2)(a) in her TPR proceedings. An as-applied constitutional challenge "is a claim that a statute is unconstitutional as it relates to the facts of a particular case or to a particular party." *State v. Pocian*, 2012 WI App 58, ¶6, 341 Wis. 2d 380, 814 N.W.2d 894. Haley has the burden of proving that the statute as applied to her is unconstitutional "beyond a reasonable doubt." *See id.* An "as-applied" constitutional challenge to the application of a particular statute is a question of law that we review de novo. *J.R.*, 390 Wis. 2d 326, ¶51 (citing *State v. Smith*, 2010 WI 16, ¶8, 323 Wis. 2d 377, 780 N.W.2d 90).

¶11 Specifically, Haley asserts the amended version of WIS. STAT. § 48.415(2)(a) is unconstitutional as applied to her because it violates her "due process right to fair notice and time to conform her conduct to the law." Due process is implicated in TPR proceedings because when "the State moves to destroy weakened familial bonds, it must provide parents with fundamentally fair procedures." *Steven V. v. Kelley H.*, 2004 WI 47, ¶23, 271 Wis. 2d 1, 678 N.W.2d 856 (quoting *Santosky v. Kramer*, 455 U.S. 745, 753-54 (1982)). The State provides fundamentally fair procedures by providing parents a hearing, prescribing the petitioner's burden of proof as "clear and convincing evidence," *id.*, and providing fair notice of any substantive change to a parent's conduct that could lead to a TPR, *see State v. Patricia A.P.*, 195 Wis. 2d 855, 863, 537 N.W.2d 47 (Ct. App. 1995). Outside of these two requirements, our legislature "unquestionably has the prerogative to determine the grounds of unfitness upon which to initiate TPR proceedings." *Eau Claire Cty. DHS v. S.E.*, No. 2019AP894, slip. op. recommended for publication ¶37 (WI App May 13, 2020).

¶12    Haley first argues that applying the amended version of WIS. STAT. § 48.415(2)(a) violates her right to procedural due process under our decision in *Patricia A.P.* In that case, we held that when a parent is warned that his or her rights to a child may be lost because of the parent's future conduct, "if the State *substantially changes the type of conduct* that may lead to the loss of rights without notice to the parent, the State applies a fundamentally unfair procedure." *Patricia A.P.*, 195 Wis. 2d at 863 (emphasis added). Haley maintains that a similar "substantial change" occurred in these cases when the legislature amended § 48.415(2)(a).

¶13    We disagree for the reasons we set forth in *S.E.*, a decision recommended for publication and issued today. Haley raises the same argument that the parent raised in *S.E.*, which we rejected because we determined the change between the prior version and the amended version of WIS. STAT. § 48.415(2)(a) was not substantive. *See S.E.*, No. 2019AP894, ¶¶20-23. Haley's argument in this regard therefore lacks merit.

¶14    Haley also maintains that the change between the prior version and the amended version of WIS. STAT. § 48.415(2)(a) is substantive because CHIPS proceedings and TPR proceedings are "inextricably intertwined." This is so, in Haley's view, because the "TPR warnings in CHIPS case[s] are an element of the TPR claim."

¶15    We disagree that the relationship CHIPS cases and TPR cases share—however "interconnected" they may be—makes the change between the prior version and the amended version of WIS. STAT. § 48.415(2)(a) substantive.

7

It is well established that CHIPS cases and TPR cases are separate proceedings. *See, e.g.*, *J.R.*, 390 Wis. 2d 326, ¶¶23, 38.[8] In light of our case law on this issue, Haley has otherwise not shown how any "interconnectedness" between CHIPS cases and TPR cases means that the change between the prior version and the amended version of § 48.415(2)(a) is substantive.

¶16 Lastly, Haley argues she was deprived of her constitutional right to "fair notice" of the change in WIS. STAT. § 48.415(2)(a)'s elements that the Department would have to prove at the grounds phase. She contends she was not given "a reasonable amount of time to conform her conduct to what is required by law." Haley maintains that the change eliminated her ability to show that she could meet the conditions of Rachel and Jack's return within nine months of the grounds hearing because her children "had already been out of the home for fifteen months" when Haley received TPR warnings reflecting the amended version of § 48.415(2)(a). Thus, in her view, the "grounds under the continuing CHIPS claim were complete."

¶17 Haley's argument has three flaws. First, the change between the prior version and the amended version of WIS. STAT. § 48.415(2)(a) did not deprive Haley of her ability to conform her conduct to avoid a TPR. We emphasize that Haley, at all times, knew that her parental rights would be in jeopardy if the Department made reasonable efforts to provide the required

---

[8] In her brief-in-chief, Haley acknowledges that *J.R.*—a case we rely on here as well as in *S.E.*—was recommended for publication during briefing on these appeals. Curiously, Haley never discusses how *J.R.* impacts her case in either her brief-in-chief, her reply brief, or in a supplemental letter to this court. The Department also fails to address *J.R. J.R.* was published after briefing in this case ended.

services and she failed to act upon those services for an extended period of time, regardless of whether the TPR cases proceeded under the prior or the amended version of the statute. Other than arguing that the change between the statutes was a substantial change to her TPR proceedings—an argument that we have already rejected—Haley has not shown that she has a due process right to be prospectively given "a reasonable amount of time to conform her conduct to what is required by law." *See S.E.*, No. 2019AP894, ¶¶24-25.

¶18    Second, Haley presupposes that the Department has proven the TPR grounds, even though no grounds hearing has yet taken place. As such, none of the continuing CHIPS ground's elements have been established. Further, she ignores that even if the trier of fact were to draw the same conclusion as Haley that Rachel and Jack have been already placed outside of Haley's home for at least fifteen of the last twenty-two months, there are additional elements in the continuing CHIPS ground that the Department would need to prove. Namely, the Department would need to prove that Rachel and Jack were placed outside the home by valid CHIPS orders containing the duty to warn requirements prescribed by WIS. STAT. § 48.356(2), *see* WIS. STAT. § 48.415(2)(a)1., that the agency responsible for the care of Rachel and Jack made a "reasonable effort" to provide the services ordered by the circuit court, *see* § 48.415(2)(a)2., and that Haley "has failed" to meet the conditions established for the safe return of Rachel and Jack, *see* § 48.415(2)(a)3.

¶19    Third, and relatedly, Haley's argument rests on hypothetical facts. She presents no facts demonstrating that the Department would be unable to meet its burden of proof under the prior version of WIS. STAT. § 48.415(2)(a), but could meet its burden under the amended version. *See S.E.*, No. 2019AP894, ¶19 n.12

(citing ***J.R.***, 390 Wis. 2d 326, ¶53). Haley, consequently, "has not demonstrated that application of the prior version of … § 48.415(2)(a), as compared to application of the amended version of § 48.415(2)(a) would make a difference" to the result in her TPR proceedings. *See **S.E.***, No. 2019AP894, ¶19 n.12 (quoting ***J.R.***, 390 Wis. 2d 326, ¶53). In all, Haley has not proven that the application of the amended version of § 48.415(2)(a) in her TPR proceedings deprived her of due process.

  *By the Court.*—Orders affirmed.

  This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.