STATE of Wisconsin, Plaintiff-Respondent,

v.

John Wayne McCOY,† Defendant-Appellant.

Court of Appeals

*No. 86–1992–CR. Submitted on briefs March 2, 1987.—Decided April 21, 1987*

(Also reported in 407 N.W.2d 319.)

† Petition to review granted.

For defendant-appellant, John Wayne McCoy, there were briefs submitted by *Kathryn S. Grosdidier* of *Doar, Drill & Skow, S.C.,* of New Richmond.

For plaintiff-respondent, State of Wisconsin, there was a brief submitted by *Donald J. Hanaway,* attorney general, and *Sharon Ruhly,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   John Wayne McCoy appeals a judgment convicting him of intentionally concealing two of his minor children from the other parent, contrary to sec. 946.715(1)(a), Stats., and an order denying his motion for postconviction relief. McCoy argues that sec. 946.715(2)(a), Stats., is unconstitutionally vague because it fails to specify what constitutes "imminent physical harm." McCoy also contends that the trial court erroneously instructed the jury on his defense of privilege. We conclude that the challenged statute is

constitutional and that the court's error in instruction was harmless. The judgment and order are affirmed.

In August, 1983, John McCoy and his wife were living with their three minor children in Barron, Wisconsin. On August 5, McCoy picked up the two older children as they were leaving bible school and left the state. Over the next year, he and the children traveled across the country making stops in Tennessee, Florida, Nevada, and finally California. In May, 1984, McCoy's wife obtained a divorce and was awarded custody of all three children. In September, McCoy was charged with intentionally concealing the two older children from their mother.

At trial, McCoy argued that his actions were privileged because when he took the children they were in danger of imminent physical harm. The testimony was conflicting, however, regarding the events surrounding the taking of the children and whether they had faced any danger of imminent harm.

McCoy testified that his former wife had physically abused the children, had threatened to kill them, and that he believed she would kill them. He further testified that on August 5, the two had an argument about the children's cleanliness and that he was told to leave and take the children with him. His ex-wife testified that she had never abused the children and had never told McCoy that he could take them.

McCoy first challenges the constitutionality of sec. 946.715(2)(a).[1] Section 946.715(2)(a) provides that a

---

[1]The state argues that McCoy has waived this issue because he failed to raise it at the trial level. We disagree. A challenge to the constitutionality of a statute on grounds of vagueness relates to a court's subject matter jurisdiction. *State v. Thomas,* 128 Wis.

parent may intentionally conceal a minor child from the child's other parent if it is done "to protect the child from imminent physical harm." McCoy claims that the statute's undefined phrase "imminent physical harm" is vague. As such, he argues that the statute fails to notify a person of ordinary intelligence of the type of conduct that is privileged and that the trial court was therefore forced to create and apply its own standards in implementing the statute. We disagree.

There is a strong presumption favoring the constitutionality of a statute, and, if possible, a reviewing court will interpret a statute to preserve it. *State v. Wickstrom,* 118 Wis. 2d 339, 351–52, 348 N.W.2d 183, 190 (Ct. App. 1984). A challenger to a statute's validity bears the burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional. *Id.* Due process mandates that a "criminal statute must be sufficiently definite to give a person of ordinary intelligence, who seeks to avoid its penalties fair notice of the conduct required or prohibited." *State v. Popanz,* 112 Wis. 2d 166, 173, 332 N.W.2d 750, 754 (1983). The proper test for determining whether a statute is impermissibly vague was set forth in *Popanz:*

> Before a court can invalidate a statute on grounds of vagueness, it must conclude that "some ambiguity or uncertainty in the gross outlines of the duty imposed or conduct prohibited" appears in the statutes, "such that one bent on obedience

2d 93, 101, 381 N.W.2d 567, 571 (Ct. App. 1985). Such a challenge cannot be deemed waived because a defendant failed to raise the issue before the trial court. *Id.*

> may not discern when the region of proscribed conduct is neared, or such that the trier of fact in ascertaining guilt or innocence is relegated to creating and applying its own standards of culpability rather than applying standards prescribed in the statute or rule."

*Id.* (quoting *State v. Courtney,* 74 Wis. 2d 705, 711, 247 N.W.2d 714, 719 (1976)).

It is true that "imminent physical harm" is not defined by statute or case law. A statute, however, need not define with absolute precision what is and what is not unlawful conduct. *Courtney,* 74 Wis. 2d at 710, 247 N.W.2d at 718. A statute is not void for vagueness simply because the legal or illegal nature of particular conduct is not easily ascertained. *Id.* at 711, 247 N.W.2d at 719. A statute need only alert a person of ordinary intelligence to the type of conduct that is proscribed or permitted. *Id.* at 713, 247 N.W.2d at 719.

The use of the phrase "imminent physical harm" within sec. 946.715(2)(a) does not cause the statute to be unconstitutionally vague. This phrase is composed of terms commonly used and understood by the general populace. Absent statutory definition, the common and approved meaning of a nontechnical word may be determined by reference to a recognized dictionary. *State v. Bleck,* 114 Wis. 2d 454, 463, 338 N.W.2d 492, 497 (1983); *see also* sec. 990.01(1), Stats.

"Imminent" is defined as ready to take place, near at hand, impending, or menacingly near. Webster's Third New International Dictionary 1130 (1976). "Physical" is defined as relating to the body and as often opposed to mental, or as distinguished from the

mind, soul, or the emotions. *Id.* at 1706; Black's Law Dictionary 1032 (5th ed. 1979). Thus, sec. 946.715(2)(a) sufficiently alerts a person of ordinary intelligence that if a child is in close danger of bodily injury, a parent may conceal that child from the other parent in order to protect the child from that danger.

McCoy next argues that the trial court erroneously instructed the jury on the meaning of "imminent physical harm." This argument rests upon McCoy's expansive definitions of "imminent" as encompassing a continuing or future danger of harm, and "physical harm" as including psychological injury. The court instructed the jury:

> A child is in imminent physical harm when he/she is faced with danger likely to occur at any moment or which is threateningly or menacingly near at hand. "Physical harm" means bodily harm, that is: physical pain, or injury, illness or impairment of physical condition.

A trial court has broad discretion in instructing the jury based upon the facts and circumstances of the case. *State v. Vick,* 104 Wis. 2d 678, 690, 312 N.W.2d 489, 495 (1981). Jury instructions will be approved if they fully and fairly state the rules of law applicable to the case and assist the jury in analyzing the evidence. *Id.*

The trial court properly instructed the jury on the meaning of "imminent physical harm." The instruction accurately reflects the correct definition of these terms. We find no error in this instruction.

McCoy also contends that the trial court erroneously instructed the jury on the proper standard for

invoking the privilege contained in sec. 946.715(2)(a). The court instructed the jury:

> [A] parent is privileged to intentionally conceal a minor child from the child's other parent if he reasonably believes that such concealment is *necessary* to protect the child from imminent physical harm ...

> If the Defendant reasonably believes that his *immediate* intervention was *necessary* to protect the children from imminent physical harm, then he was privileged to conceal the children ...

> In order for the defendant's conduct to be privileged under the law, the defendant must reasonably believe:
>
> ....
>
> (2) That his intervention was *necessary* for their protection. [Emphasis added.]

Section 946.715(2)(a) does not contain the terms "necessary" and "immediate." McCoy maintains that by including these terms in the instructions, the court instructed the jury on nonexistent elements of the privilege and thereby created a more stringent standard against which his conduct was measured than that set forth by the statute.

Because sec. 946.715(2)(a) does not contemplate the use of the terms "immediate" and "necessary" within the context of the privilege it grants, we agree that the trial court erred by including these terms in its instructions to the jury. An instructional error is harmless, however, if there is no reasonable possibility that the error contributed to the conviction. *State v. Dyess,* 124 Wis. 2d 525, 542–43, 370 N.W.2d 222, 231–32 (1985). Under the facts of this case, we are

satisfied that there is no reasonable possibility that the court's error contributed to McCoy's conviction.

If the state had acknowledged that a danger of harm existed but had argued that the danger was not imminent, or that concealment was unnecessary because there were less extreme measures that could have been taken to protect the children, the court's instructions may have been prejudicial. In such a case, whether *immediate* intervention was required and whether concealment was *necessary* would have been disputed issues. As such, a more precise instruction on the privilege than that given by the trial court may have been required to properly inform the jury of the elements of that privilege.

Here, however, the state argued that there was no need for McCoy's intervention, immediate or otherwise, because there was no danger that the children would be harmed. Consequently, the state maintained that McCoy could not claim that his concealment of the children was privileged. This was not a case in which the degree of danger was at issue, but rather the disputed issue was whether any danger existed at all. The *immediacy* of McCoy's intervention and the *necessity* for concealment were not issues that were raised and litigated. Accordingly, there is no reasonable possibility that the inclusion of these terms in the court's instructions misled the jury and contributed to McCoy's conviction.

*By the Court.*—Judgment and order affirmed.