COURT OF APPEALS
DECISION
DATED AND FILED

December 8, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2020AP1127-CR**
**2020AP1128-CR**

Cir. Ct. Nos. 2017CF179
2018CF39

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

DALLAS R. CHRISTEL,

   DEFENDANT-APPELLANT.

        APPEALS from judgments and orders of the circuit court for Calumet County: JEFFREY S. FROEHLICH, Judge. *Affirmed.*

        Before Neubauer, Reilly and Grogan, JJ.

        ¶1      NEUBAUER, J.   In these consolidated appeals, Dallas R. Christel appeals from judgments of conviction and orders denying his postconviction motions.   Christel raises both facial and as-applied constitutional challenges to

Wisconsin's statute criminalizing strangulation and suffocation, which a jury convicted him of violating. *See* WIS. STAT. § 940.235 (2019-20).[1] He also argues that the circuit court erred in concluding that he did not identify a new factor in his postconviction motion that warrants resentencing. We reject Christel's challenges and therefore affirm.

## BACKGROUND

¶2    The State charged Christel with battery, domestic abuse; second-degree sexual assault, domestic abuse; and strangulation and suffocation, domestic abuse, all relating to an incident on May 7, 2017. Christel was charged as a repeat offender for each of the three counts. The State also charged Christel with battery, domestic abuse, and disorderly conduct, domestic abuse, both as a repeat offender, relating to an incident on May 27, 2017. The incidents involved Emma,[2] Christel's live-in girlfriend at the time.

¶3    Emma testified to the following facts at the jury trial. In early 2017, Emma, who was estranged from her husband, moved into Christel's apartment sometime around late February to early March. On the evening of May 7, Christel

---

[1] WISCONSIN STAT. § 940.235(1) provides:

> Whoever intentionally impedes the normal breathing or circulation of blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person is guilty of a Class H felony.

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] We refer to Emma using a pseudonym, in the interest of protecting the privacy interests of crime victims. *See* WIS. STAT. RULE 809.86.

2

and Emma had an argument after having drinks at a local supper club, which continued throughout the car ride home.

¶4    The argument became physical when the two returned to Christel's apartment. Christel began screaming at Emma, pushed her down to the floor, and beat her with his closed fist. Christel struck Emma on her head with a metal chair and removed all of her clothing. Despite her attempt to flee, Christel pulled Emma back into the apartment and forced her to the bedroom.

¶5    Then Christel held Emma's hands behind her head and had sexual intercourse with her, which she testified was not consensual. Emma testified that she was terrified and told Christel to stop, but the assault escalated.

¶6    Emma explained how Christel strangled her during the sexual assault. He put his hand around and squeezed her neck while putting his hand at her lips. He applied pressure and she had difficulty breathing, testifying: "I couldn't get my breath. I couldn't breathe." Emma testified that she had not consented to being strangled. Emma stated that she and Christel had never discussed erotic asphyxiation, nor had they previously engaged in such behavior or "rough sex."

¶7    Christel also testified at trial. He stated that he and Emma had consensual sex on the night of May 7. He further claimed that they had engaged in consensual asphyxiation during sex, alleging that he awoke to find the victim with "her hand down my pants arousing my penis." Christel alleged that "she had grabbed my right hand and motioned it towards her neck, and she did the pull and squeeze." Christel said he complied, and the sex ended shortly thereafter. Christel

3

denied using any force during the sexual intercourse, stating he grabbed Emma's throat in a "playful sexual manner."

¶8      Emma did not report the May 7 assault immediately after it had occurred. She returned to Christel's apartment a few days later. On May 27, the second incident took place. Emma testified that Christel again beat and assaulted Emma as he forcibly removed her clothing. Police responded to the incident after receiving a call from Emma's estranged husband. While Emma did not initially report the events of May 7, she later reported both the events of that night and May 27.

¶9      In September 2017, Christel executed a signature bond for his release from jail contingent upon his appearance at all subsequent court dates, maintaining sobriety, and not possessing any drugs or alcohol. However, Christel failed to appear on the first day of the jury trial. After a nationwide warrant was issued, Christel was apprehended a few months later in the state of Oregon.

¶10      The State then charged Christel with two counts of felony bail jumping for violating the terms of his signature bond. One count addressed Christel's failure to appear in court; the other, his possession of alcohol in his residence at the time he was apprehended. Christel pled no contest to the two felony bail jumping charges. The circuit court accepted his pleas and found Christel guilty.

¶11      At the trial in March 2019, a jury convicted Christel of all five counts related to the assaults of Emma, finding Christel guilty of strangulation and suffocation, contrary to WIS. STAT. § 940.235(1); nonconsensual sexual assault by use of violence, contrary to WIS. STAT. § 940.225(2)(a); and battery, relating to the

4

assault on May 7. The jury also found Christel guilty of battery and disorderly conduct relating to the events of May 27. Each of the crimes related to acts of domestic abuse and included criminal penalty enhancers based on Christel's prior record.

¶12 The court had originally scheduled a consolidated sentencing hearing for the bail jumping and assault cases; however, Christel filed postconviction motions that delayed his sentencing in the assault case until after the sentencing hearing in the bail jumping case.

¶13 At the sentencing hearing on the bail jumping case, the circuit court acknowledged the additional charges that Christel was facing relating to the pending assault case. The court raised Christel's eligibility for the Substance Abuse Program (SAP) due to his prior issues with alcohol abuse. The parties discussed that Christel's eligibility for the program could be impacted by the fact that the convictions in the assault case would render him statutorily ineligible for the program; that the pending sentencing in the assault case would likely include a long prison term; and that the early release program under SAP could contradict the intentions of the court to impose its sentence in the assault cases.

¶14 The court sentenced Christel to six years' imprisonment, comprised of three years of initial confinement and three years of extended supervision, on each of the bail jumping counts, to be served consecutively. The court also made Christel eligible for the SAP. After the prosecutor pointed out that the violent nature of Christel's crimes in the assault cases would make him ineligible for SAP once he was sentenced on the assaults, the court noted that it was sentencing only on the bail jumping cases at this point and the nature of the convictions there made Christel eligible *at that point*. The court further noted that the reason "we're

5

sentencing like this is because, again, the decisions that Mr. Christel has made. There's nothing we can do about it. It is what it is."

¶15   Christel was sentenced for the assaults in August, several months after his sentencing on the bail jumping convictions. The circuit court sentenced him to a total of fourteen and one-half years of initial confinement and nine and one-half years of extended supervision. The court also placed numerous conditions on Christel, including absolute sobriety and no-contact orders with Emma, her former husband, and several of the testifying witnesses from the trial.

¶16   Christel subsequently filed postconviction motions in the circuit court. In one motion, Christel challenged the constitutionality of the strangulation and suffocation statute under which he was convicted, WIS. STAT. § 940.235. Christel argued the statute was unconstitutional, both facially and as applied to him. He challenged the statute on its face as overbroad for failing to account for consensual asphyxiation as an affirmative defense.

¶17   Christel filed a separate postconviction motion arguing that he was entitled to sentence modification on the bail jumping convictions due to a new factor. Christel asserted that his conviction and sentencing in the assault case constituted a new factor warranting resentencing because the former rendered him statutorily ineligible to participate in SAP. *See* WIS. STAT. § 302.05(3)(a)1.

¶18   The circuit court issued written decisions denying Christel's facial and as-applied constitutional challenges to WIS. STAT. § 940.235. The court also denied Christel's motion for sentence modification, concluding that Christel failed to identify a new factor justifying resentencing. Christel appeals.

¶19   We include additional facts as necessary below.

**DISCUSSION**

¶20    On appeal, Christel argues that WIS. STAT. § 940.235, the strangulation and suffocation statute which he was convicted of violating, is unconstitutional, facially and as applied.  Christel asserts that § 940.235 violates substantive due process by infringing on individual liberty and privacy rights, is overly broad, is vague, and is unconstitutional as applied to him.  Christel also argues the circuit court erred in failing to determine that Christel raised a new factor justifying sentence modification.  We discuss each challenge in turn.

*Christel Fails to Overcome the Strong Presumption that WIS. STAT. § 940.235 is Constitutional*

*Standards of Review and General Constitutional Principles*

¶21    These consolidated appeals first require us to consider whether WIS. STAT. § 940.235 is constitutional, facially and as applied.  "The constitutionality of a statute is a question of law that we review de novo." *State v. Wood*, 2010 WI 17, ¶15, 323 Wis. 2d 321, 780 N.W.2d 63.  We begin with a presumption that a statute is constitutional, and a party making a facial or as-applied challenge bears the burden of proving that the statute "is unconstitutional beyond a reasonable doubt." *Id.*

¶22    In a challenge to "a law or government action as being unconstitutional on its face … the challenger must show that the law cannot be enforced 'under any circumstances.'" *Id.*, ¶13 (citing *Olson v. Town of Cottage Grove*, 2008 WI 51, ¶44 n.9, 309 Wis. 2d 365, 749 N.W.2d 211); *see also* *Winnebago County v. Christopher S.*, 2016 WI 1, ¶34, 366 Wis. 2d 1, 878 N.W.2d 109.  "If a challenger succeeds in a facial attack on a law, the law is void

'from its beginning to the end.'" ***Wood***, 323 Wis. 2d 321, ¶13 (citation omitted); ***State v. Pocian***, 2012 WI App 58, ¶6, 341 Wis. 2d 380, 814 N.W.2d 894 (because we presume statutes are constitutional, a party attempting to void a statute with a facial challenge carries a heavy burden: "[T]he 'challenger must establish, beyond a reasonable doubt, that there are no possible applications or interpretations of the statute which would be constitutional.'" (citation omitted)).

¶23 "In contrast, in an as-applied challenge, we assess the merits of the challenge by considering the facts of the particular case in front of us, 'not hypothetical facts in other situations.'" ***Wood***, 323 Wis. 2d 321, ¶13 (citation omitted). A party making an as-applied challenge must show a violation of his or her individual constitutional rights and, if successful, the statute is voided as to that person. ***Id.***

¶24 Each challenge on constitutionality must be independently and separately developed. *See* ***Holder v. Humanitarian Law Project***, 561 U.S. 1, 19-20 (2010). The various doctrines must not be conflated. ***Id.*** For example, a vagueness challenge and overbreadth claim are distinct from one another, "[o]therwise the doctrines would be substantially redundant." ***Id.*** at 20.

*Christel Fails to Meet His Burden That* WIS. STAT. *§ 940.235 Violates Substantive Due Process Rights Beyond a Reasonable Doubt*

¶25 Christel argues that WIS. STAT. § 940.235 violates substantive due process rights under the Fourteenth Amendment because it "unconstitutionally enters the private bedroom of adults and infringes on an individual['s] fundamental right to engage in consensual, sexual, non-injurious behaviors."

¶26    The threshold inquiry to resolve is whether a fundamental liberty or privacy interest is at stake.  Resolving this inquiry determines whether the court reviews the challenged statute under strict scrutiny or rational basis.  *State v. Alger*, 2015 WI 3, ¶39, 360 Wis. 2d 193, 858 N.W.2d 346.

¶27    When a fundamental liberty interest is at stake, strict scrutiny applies, which requires the government to show that the challenged statute is narrowly tailored to serve a compelling state interest.  *Id.*  Courts apply rational basis review when a fundamental right is not implicated, upholding the statute "unless it is 'patently arbitrary' and bears no rational relationship to a legitimate government interest." *Id.* (citation omitted).

¶28    Christel's substantive due process claim based on a purported infringement of WIS. STAT. § 940.235 on his liberty and privacy rights is not only wholly undeveloped, it fails to persuade.  Christel's citation to merely one inapposite case in support of the purported right to engage in strangulation and suffocation, without more, is not sufficient to overcome the presumption of constitutionality and his burden to show that § 940.235 is unconstitutional under any circumstances beyond a reasonable doubt. *See Christopher S.*, 366 Wis. 2d 1, ¶34 ("Christopher claims that WIS. STAT. § 51.20(1)(ar) is facially unconstitutional because it violates an inmate's substantive due process rights ….  Christopher faces an 'uphill battle' because to succeed on his claim he must show that [the statute] is unconstitutional under *all* circumstances.").

¶29    To explain further, Christel's entire substantive due process argument in his principal brief consists of a citation to one case, followed by two conclusory paragraphs which fail to even apply the case law he cites.  Christel invokes *Lawrence v. Texas*, 539 U.S. 558, 578 (2003), to argue that there is a

9

fundamental right to engage in strangulation or suffocation in the privacy of one's bedroom.

¶30    In *Lawrence*, the United States Supreme Court applied the legitimate state interest standard under the rational basis doctrine—not the compelling state interest standard under the strict scrutiny invoked when a fundamental right is challenged—to review a challenge to a law criminalizing two persons of the same sex engaging in certain intimate sexual conduct. *Id*. at 578. The two adult men convicted under the statute had engaged in consensual sexual activity in a private residence. The Court concluded that the challenged law "further[ed] no legitimate state interest which can justify its intrusion into the personal and private life of the individual." *Id.* However, the Court recognized that certain state interests may outweigh a sexual liberty or privacy interest. *Id.* (providing examples of injury, coercion, involvement of minors, and prostitution or other public behavior).

¶31    In *Muth v. Frank*, 412 F.3d 808, 816 (7th Cir. 2005), the defendant argued that "*Lawrence* announced a new rule that placed his private conduct (an act of incest with a consenting adult) beyond Wisconsin's power to criminalize." The Seventh Circuit soundly rejected this challenge, explaining: *Lawrence* "did not announce ... a fundamental right, protected by the Constitution, for adults to engage in all manner of consensual sexual conduct, specifically in this case, incest." *Muth*, 412 F.3d at 817.

¶32    Christel's undeveloped argument does not persuade us that the suffocation and strangulation statute unconstitutionally infringes on a fundamental liberty or privacy interest. He makes no attempt to develop an argument that strict scrutiny applies, or to apply the same, and indeed, in his reply brief, Christel

appears to concede that he has failed to identify a fundamental interest implicated by the strangulation and suffocation statute.

¶33    Absent the identification of a fundamental right, under a rational basis review, substantive due process "forbids a government from exercising 'power without any reasonable justification in the service of a legitimate governmental objective.'"  *State v. Luedtke*, 2014 WI App 79, ¶16, 355 Wis. 2d 436, 851 N.W.2d 837, *aff'd*, 2015 WI 42, 362 Wis. 2d 1, 863 N.W.2d 592 (citation omitted).  "In response to a substantive due process challenge, this court examines 'whether the statute is a reasonable and rational means to the legislative end.'"  *Id.* (citing *State v. Smet*, 2005 WI App 263, ¶11, 288 Wis. 2d 525, 709 N.W.2d 474).

¶34    Christel fails to develop any argument that the suffocation and strangulation statute bears no rational relationship to legitimate government interests.  He has not developed any argument, much less established that no conceivable state of facts could provide a rational basis for the statute.  *See Alger*, 360 Wis. 2d 193, ¶50 ("A legislative classification satisfies rational basis review if '*any reasonably conceivable state of facts ...* could provide a rational basis for the classification.'" (emphasis added; citation omitted)).  Namely, he has failed to develop an argument that the statute is arbitrary and bears no rational relationship to a legitimate government interest as it applies to strangulation and suffocation during a nonconsensual violent sexual assault.[3]

¶35    Thus, while the State sets forth a comprehensive and persuasive argument in support of its substantive due process rational basis analysis, we reject

---

[3] Christel was found guilty of violating WIS. STAT. § 940.225(2)(a), which prohibits "sexual contact or sexual intercourse with another person without consent of that person by use or threat of force or violence."  Similarly, the battery charges of which he was convicted also had a consent element, and the jury determined that Emma did not consent to such behavior.  *See* WIS JI—CRIMINAL 1220 (2015).

Christel's challenge as wholly undeveloped.[4]  *See **State v. Gilbert***, 2012 WI 72, ¶55, 342 Wis. 2d 82, 816 N.W.2d 215 ("[W]e need not address the constitutionality of a statute where a constitutional challenge has not been fully developed or briefed."); *see also **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (declining to review inadequately developed argument).  Christel has failed to establish that the statute unconstitutionally violates substantive due process "under any circumstances" and beyond a reasonable doubt.  *See **Wood***, 323 Wis. 2d 321, ¶13; ***Christopher S.***, 366 Wis. 2d 1, ¶34.[5]

*Christel Fails to Meet His Burden of Showing That WIS. STAT. § 940.235 Fails Under an Overbreadth Challenge*

¶36  Christel next asks us to void WIS. STAT. § 940.235 because it is facially overbroad.  Overbreadth is a constitutional doctrine aimed at preventing statutes from being construed so broadly as to create a chilling effect that discourages citizens to engage in constitutionally protected rights or activities.  ***State v. Tronca***, 84 Wis. 2d 68, 89, 267 N.W.2d 216 (1978).  "A statute is overbroad when its language, given its normal meaning, is so sweeping that its

---

[4] As the State points out, all states in the U.S. have enacted legislation similar to WIS. STAT. § 940.235 prohibiting strangulation and/or suffocation, with the exceptions of Ohio and South Carolina.  Training Inst. on Strangulation Prevention, *Legislation Map*, https://www.strangulationtraininginstitute.com/resources/legislation-map/ (current as of October 2021).  Christel provides no authority adopting the facial constitutional challenges he makes here to void any one of these statutes.

[5] Indeed, Christel dooms his challenge with his acknowledgement that the State has a valid interest in penalizing "harmful sexual encounters," further conceding "Christel does not contest that there is a legitimate state interest in criminalizing violent, intentionally harmful, nonconsensual conduct associated with domestic and sexual violence."  *See **State v. Pocian***, 2012 WI App 58, ¶6, 341 Wis. 2d 380, 814 N.W.2d 894 ("In a facial challenge, the 'challenger must establish, beyond a reasonable doubt, that there are no possible applications or interpretations of the statute which would be constitutional.'" (citation omitted)).

sanctions may be applied to constitutionally protected conduct which the state is not permitted to regulate." ***Brandmiller v. Arreola***, 199 Wis. 2d 528, 546, 544 N.W.2d 894 (1996) (citation omitted). As with any constitutional challenge to a statute, a party asserting an overbreadth challenge must overcome a strong presumption of constitutionality. ***Virginia v. Hicks***, 539 U.S. 113, 122 (2003).

¶37 Overbreadth claims generally arise when a statute hinders a First Amendment right. *See **United States v. Salerno***, 481 U.S. 739, 745 (1987); ***Brandmiller***, 199 Wis. 2d at 547. Courts must exercise caution when considering whether to expand the doctrine beyond the scope of the First Amendment. *See **Salerno***, 481 U.S. at 745. "[A] facial challenge for overbreadth must show 'a substantial number of [the statute's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" ***State v. Culver***, 2018 WI App 55, ¶9, 384 Wis. 2d 222, 918 N.W.2d 103 (second alteration in original; citation omitted).

¶38 The Supreme Court has enumerated a few, limited examples of fundamental rights protected under the overbreadth doctrine. *See, e.g.*, ***Sabri v. United States***, 541 U.S. 600, 609-10 (2004) (citing ***Broadrick v. Oklahoma***, 413 U.S. 601 (1973) (free speech); ***Aptheker v. Secretary of State***, 378 U.S. 500, 517 (1964) (right to travel)). Here, as discussed above, Christel has failed to establish that the suffocation and strangulation statute implicates a fundamental liberty or privacy interest.

¶39 Accordingly, we decline to extend the overbreadth doctrine to invalidate the strangulation and suffocation statute. *See **State v. Jackson***, 2020 WI App 4, ¶13, 390 Wis. 2d 402, 938 N.W.2d 639 (2019) (explaining that we "only sparingly" use the overbreadth doctrine to invalidate statutes, exercising

"caution and restraint"). Thus, we reject Christel's overbreadth challenge to WIS. STAT. § 940.235 because he failed to rebut the strong presumption of constitutionality that the statute enjoys beyond a reasonable doubt.

*Christel's Challenge to the Constitutionality of WIS. STAT. § 940.235 on Vagueness Grounds Fails*

¶40  As we have previously stated, all statutes are presumed constitutional and we read challenged statutes "to preserve their constitutionality." *See* **State v. Ruesch**, 214 Wis. 2d 548, 556, 571 N.W.2d 898 (Ct. App. 1997). A party challenging constitutionality on vagueness grounds has the burden of proving a statute is vague beyond a reasonable doubt. **Id.** Furthermore, the challenger must prove that the statute is void for vagueness in all its applications. **Hegwood v. City of Eau Claire**, 676 F.3d 600, 604 (7th Cir. 2012).

¶41  Vagueness is a procedural due process doctrine targeted at requiring statutes to provide for both "'fair notice' of the prohibited conduct" and uniform standards of enforcement. **Ruesch**, 214 Wis. 2d at 561 (citation omitted). Under the first prong of fair notice, a statute is vague when, from the language of the text, a law-abiding person would not be able to tell whether their actions are in conformity with the law. **Id.** Under the second prong, a statute is vague if a judge or jury is unable to ascertain the standards of prohibited conduct from the language of the text and is, therefore, forced to apply its own standards of culpability. **Id.**

¶42  A defendant raising vagueness "does not have standing to challenge it on the grounds of being vague as it may be applied to others." **State v. Clement**, 153 Wis. 2d 287, 296, 450 N.W.2d 789 (Ct. App. 1989). Therefore, a "defendant cannot hypothesize fact situations but is confined to the conduct charged." **State**

*v. Driscoll*, 53 Wis. 2d 699, 701-02, 193 N.W.2d 851 (1972). "[I]f the defendant is not asserting that a First Amendment right is burdened and his conduct plainly falls within the proscriptions of the statute, he cannot [successfully] challenge the statute on vagueness grounds." *Ruesch*, 214 Wis. 2d at 562.

¶43    In *Ruesch*, which involved a challenge to WIS. STAT. § 940.32 (1995-96), prohibiting stalking, the defendant argued that the statute was overbroad, vague, and violative of his equal protection rights. *Ruesch*, 214 Wis. 2d at 556, 561, 564. As pertinent to our present discussion of vagueness, Ruesch argued that the statute did "not set standards of conduct sufficient for a reasonable person to determine what conduct is proscribed and what conduct is constitutionally protected[,]" such that "he did not have fair notice of conduct which would be found unlawful because he believed his use of the public streets was constitutionally protected." *See id.* at 561.

¶44    We explicitly rejected Ruesch's vagueness challenge on multiple grounds:

> Ruesch's argument rings hollow. He cites no authority for a constitutional right to pursue another person until she fears for her safety or the safety of her husband, no matter where the pursuit occurs. Furthermore, his argument completely ignores [his victim]'s rights, which certainly must figure in the balance of an ordered society. And finally, Ruesch, whose conduct plainly falls within the prohibition of the statute, did not identify a First Amendment right he was exercising when he stalked [his victim]. Furthermore, we have concluded that the stalking law is a reasonable time, place and manner restriction on the right to intrastate travel found in the Wisconsin Constitution. And finally, the inclusion of the element of intent significantly vitiates a claim that Ruesch (or any other defendant) was (or would be) misled about what conduct was proscribed.

*Id.* at 562-63 (footnote omitted).

15

¶45     Christel's claim that the statute is void for vagueness fails for many of the same reasons that Ruesch's vagueness argument failed.[6]  Like ***Ruesch***, we conclude that Christel's vagueness "argument rings hollow."  *See **id.*** at 562.  To be specific, as we explained above, he cites no authority establishing a constitutional right to strangle or suffocate another person during a nonconsensual violent sexual assault.  *See **id.***  He fails to consider Emma's rights.  *See **id.***  And, despite the fact that his "conduct plainly falls within the prohibition of the statute," he fails to "identify a First Amendment right he was exercising when he" strangled Emma.  *See **id.*** at 563 (footnote omitted).  "And, finally, the inclusion of the element of intent significantly vitiates a claim" that he was not on fair notice as to the conduct prohibited by the statute.  *See **id.***[7]

¶46     Christel has not proven "beyond a reasonable doubt" that the statute is vague when applied to the facts of his case.  *See **Wood***, 323 Wis. 2d 321, ¶13; ***Ruesch***, 214 Wis. 2d at 556.  Christel complains that the statute did not provide him with an affirmative defense of consent and an element requiring an intent to harm.  His argument is rooted in his contention that he has a fundamental liberty

---

[6] Christel raises a claim for vagueness for the first time on appeal before us, which would generally result in us declining to review it.  *See **State v. Huebner***, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727.  We nevertheless review new facial constitutional claims on appeal.  *See **id.***, ¶75 n.3 (Abrahamson, C.J., dissenting) ("facial constitutional challenges to criminal convictions cannot be forfeited" and may be made for the first time on appeal (citing ***State v. McCoy***, 139 Wis. 2d 291, 295 n.1, 407 N.W.2d 319 (Ct. App. 1987) (vagueness claim not forfeited))).

[7] First, the state must prove "[t]he defendant impeded the normal breathing or circulation of blood by applying pressure on the throat or neck or by blocking the nose or mouth" of a victim.  WIS JI—CRIMINAL 1255 (2015).  Second, the state must prove "[t]he defendant did so *intentionally*," meaning "that the defendant acted with the mental purpose to impede normal breathing or circulation of blood or was aware that [the] conduct was practically certain to cause that result."  ***Id.*** (emphasis added; citation omitted).

and privacy interest to engage in consensual strangulation and suffocation, and the statute's language is unclear in its application to consensual activity. However, a jury has determined that Christel's testimony and consensual version of the events were unpersuasive and found him guilty of nonconsensual battery and suffocation and strangulation during a nonconsensual violent sexual assault. Thus, a hypothetical argument that WIS. STAT. § 940.235 is unconstitutionally vague because it may apply to consenting adults is not before us; and Christel's conduct, which falls squarely within the statute's prohibition, precludes his vagueness challenge. *See Ruesch*, 214 Wis. 2d at 556. Christel has failed to show the statute is unconstitutionally vague in all its applications, including that he did not have fair notice under the facts of his case, beyond a reasonable doubt. Christel's vagueness challenge fails.[8]

*Christel's Constitutionality-As-Applied Argument Fails*

¶47 Christel also claims that WIS. STAT. § 940.235 is unconstitutional as applied to him. To repeat, a party making an as-applied challenge bears the burden of proving that the statute "is unconstitutional beyond a reasonable doubt" if a court is to void it. *Wood*, 323 Wis. 2d 321, ¶15. A party must do more than

---

[8] Christel repeatedly asserts that we should consider the statute as it pertains to two consenting adults, such that the statute must provide a consent defense. Although he brings no sufficiency of the evidence challenge, his constitutional challenge is premised on his attempt to re-argue his version that the jury rejected—that they were consenting adults. The jury resolved the conflict between Christel's and Emma's testimony and found Christel guilty of nonconsensual battery and suffocating and strangling Emma during a nonconsensual violent sexual assault. We reject Christel's attempt to skirt the jury's findings of guilt on all counts.

We also note that Christel does not point to any denied request for a jury instruction on consent. Furthermore, at Christel's request, the circuit court instructed the jury that it could consider the prior sexual conduct of Emma and Christel for purposes of determining whether they engaged in consensual erotic asphyxiation. *See* WIS JI—CRIMINAL 1200G (2013).

make a general statement on the law. ***United States v. South***, 28 F.3d 619, 629 (7th Cir. 1994). "[W]e need not decide the validity of constitutional claims broadly stated but never specifically argued." ***State v. Scherreiks***, 153 Wis. 2d 510, 520, 451 N.W.2d 759 (Ct. App. 1989).

¶48  Christel fails to develop any argument, citing but one case, ***Olson***, 309 Wis. 2d 365, ¶44 n.9, setting forth the general principal that a challenger must establish that a statute is unconstitutional on the facts of a particular case or a particular party.

¶49  As before, Christel simply re-argues his version of events, contending that he should have been provided with a consent defense. However, a jury has already considered and rejected Christel's version of events and found him guilty of nonconsensual battery and suffocation and strangulation during a violent nonconsensual sexual assault.[9]

¶50  Christel's legal reasoning is undeveloped, unpersuasive, and devoid of sufficient legal authority to support his as-applied claim. He has failed to show that WIS. STAT. § 940.235 is unconstitutional as applied to him beyond a

---

[9] We note that the State identifies multiple persuasive cases in which defendants raised similar as-applied challenges based on ***Lawrence v. Texas,*** 539 U.S. 558, 578 (2003), arguing that assault and battery cases involving sexual activity required a showing of nonconsent. First, as stated by the supreme court of Nebraska, "nothing in ***Lawrence*** … even remotely suggest[s] that nonconsensual sexual conduct is constitutionally protected under any circumstances." ***State v. Van***, 688 N.W.2d 600, 614 (Neb. 2004). Second, as the court in ***Van*** noted, numerous courts have also rejected a required showing of nonconsent under various assault and battery statutes in cases in which sexual activity was involved, again finding that the "claimed cloak of privacy in sexual relations" under ***Lawrence*** did not require consent in such cases involving physical injury or risk of injury. ***Id.*** at 614-15 (collecting cases); ***Commonwealth v. Carey***, 974 N.E.2d 624, 630-31 (Mass. 2012) (consent was not defense to charge of assault and battery by means of a dangerous weapon, committed as or as part of sexual activity). Again, Christel fails to develop any argument to the contrary.

reasonable doubt. For these reasons, we decline to further consider his as-applied challenge. *See Pettit*, 171 Wis. 2d at 646-47.

*The Circuit Court Did Not Err in Concluding That Christel Failed to Present a New Factor*

¶51    Christel argues that the circuit court erred in concluding that he failed to present a new factor in his postconviction motion that would entitle him to a sentence modification. A circuit court employs a two-step inquiry to decide whether a defendant may receive a sentence modification based on a new factor. *State v. Harbor*, 2011 WI 28, ¶36, 333 Wis. 2d 53, 797 N.W.2d 828. First, the defendant has the burden to prove "by clear and convincing evidence the existence of a new factor." *Id.* Second, "if a new factor is present, the circuit court determines whether that new factor justifies modification of the sentence." *Id.*, ¶37. We review new factor claims de novo. *See id.*, ¶33.

¶52    Under the first step of the inquiry, a defendant must overcome a "fairly high" hurdle. *State v. Ramuta*, 2003 WI App 80, ¶8, 261 Wis. 2d 784, 661 N.W.2d 483. The defendant has the burden to prove "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975).

¶53    Christel argues that his jury convictions in the assault case, subsequent to his conviction on the bail jumping charges, raised a new factor in the latter's sentencing judgment because his convictions for violations of WIS. STAT. ch. 940 in the assault case rendered him statutorily ineligible to participate

19

in the SAP program. *See* WIS. STAT. § 302.05(3)(a)1. (an inmate is statutorily ineligible for SAP if serving a sentence for a ch. 940 conviction).

¶54 We contemplated a similar new factor claim as is raised here in *Ramuta*. In that case, the defendant was convicted and sentenced for multiple robbery counts on two separate occasions in Milwaukee and Waukesha circuit courts. *Ramuta*, 261 Wis. 2d 784, ¶¶1-4. He subsequently raised a new factor claim, alleging that his second conviction was a new factor that justified sentence modification in his prior conviction. *Id.*, ¶7. We concluded that the defendant could not provide clear and convincing evidence that, despite there being almost a year between the two sentencing hearings, his concurrent robbery case in Waukesha was unknown or overlooked by the Milwaukee court when he was initially sentenced. *Id.*, ¶20. In fact, the sentencing court in Milwaukee had discussed the defendant's additional pending charges in Waukesha "multiple times." *Id.*, ¶18.

¶55 Similarly, we conclude that Christel fails to provide clear and convincing evidence that the circuit court, while exercising sentencing in the bail jumping case, overlooked or was unaware of his pending sentencing in the assault case. In fact, the same judge presided over both matters. As the circuit court stated in its decision and order on Christel's postconviction motion for sentence modification, "[t]his very issue was discussed and considered by the [c]ourt" at the sentencing hearing on the bail jumping convictions.

¶56 As in *Ramuta*, we are skeptical of the use of a subsequent conviction to raise a new factor claim in a prior conviction. *See id.*, ¶20. Furthermore, we were unpersuaded that the defendant in *Ramuta* had raised a new factor by clear and convincing evidence while facing sentences in two separate circuit courts. *Id.*

Here, Christel was sentenced in both cases in the same court and by the same judge. His burden has not been met. In other words, he fails to demonstrate that there is a new factor warranting resentencing.

¶57　In his reply brief, Christel analogizes the facts of this case to those in *State v. Norton*, 2001 WI App 245, 248 Wis. 2d 162, 635 N.W.2d 656. The *Norton* analysis included the concept that "a new factor is 'an event or development which frustrates the purpose of the original sentence.'" *Id.*, ¶9 (citing *State v. Michels*, 150 Wis. 2d 94, 99, 441 N.W.2d 278 (Ct. App. 1989)). However, this concept from *Norton*/*Michels* has since been abrogated by *Harbor*, wherein our supreme court "conclude[d] that frustration of the purpose of the original sentence is not an independent requirement when determining whether a fact or set of facts alleged by a defendant constitutes a new factor." *Harbor*, 333 Wis. 2d 53, ¶¶42, 48. Thus, the court explained that frustration of the purpose of the original sentence is only to be considered if a defendant first meets its burden of a showing of a new factor. *Id.*, ¶46.

¶58　Because we have already concluded that Christel did not meet his burden of showing the existence of a new factor, we need not consider whether the conviction and sentencing in the assault case frustrated the purpose of the original sentence. *See Harbor*, 333 Wis. 2d 53, ¶46. Accordingly, we affirm.[10]

---

[10] Christel also argues that the circuit court erred in failing to address whether he may have been entitled to a sentence modification had the court found that Christel demonstrated a new factor. However, a court need not address the second prong of the analysis when it correctly concludes that there is no new factor. *See State v. Harbor*, 2011 WI 28, ¶38, 333 Wis. 2d 53, 797 N.W.2d 828.

21

**CONCLUSION**

¶59     For the foregoing reasons, we conclude that Christel fails to meet the heavy burden on his facial and as-applied constitutional challenges to WIS. STAT. § 940.235, which criminalizes strangulation and suffocation.  He also fails in his challenge to the circuit court's denial of his postconviction motion for sentence modification because he did not identify a new factor in his postconviction motion that warrants resentencing.

*By the Court*.—Judgments and orders affirmed.

Not recommended for publication in the official reports.